IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **LLOYD GIPSON and EVA GIPSON,** | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. **3:13-CV-2477-L** |
| | § | |
| **JPMORGAN CHASE,** | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiffs' Motion for Preliminary Injunction (Doc. 5), filed June 28, 2013. After carefully reviewing the motion, Defendant's response, the record, and applicable law, the court **denies** Plaintiffs' Motion for Preliminary Injunction (Doc. 5).

**I.     Factual and Procedural Background**

Plaintiffs Lloyd Gipson and Eva Gipson ("Plaintiffs"), who are proceeding *pro se*, brought this wrongful mortgage foreclosure and debt collection action against JPMorgan Chase ("Defendant") on June 28, 2013. As best as the court can ascertain from Plaintiffs' Complaint, they have asserted a claim for negligent or fraudulent misrepresentation and a claim based on alleged violations of the Federal Debt Collection Practices Act ("FDCPA"). In their Complaint and in their Motion for Preliminary Injunction ("Motion"), Plaintiffs also contend that under the FDCPA and other unspecified laws Defendant is required to show "strict verified proof" of its status as the true holder of the note for the property at issue ("Property") before collecting on debts owed by Plaintiffs under the note and foreclosing on the Property. Pls.' Compl. 3, 7-8; Pls.' Mot. 11. In addition, Plaintiffs appear to contend that because their mortgage was pooled, Defendant must have engaged

in an "alleged scheme" or unspecified nefarious conduct that precludes or vitiates its authority to foreclose on the Property. *Id.* 10. Finally, Plaintiffs appear to seek a declaratory judgment because, in their prayer for relief, they request an order declaring any foreclosure void and quieting title as to their claims. Plaintiffs also seek $200,000 in damages for the alleged FDCPA violations, prejudgment and postjudgment interest, and a TRO to prevent Defendant from foreclosing on their Property. On July 17, 2013, Defendant filed a response in opposition to Plaintiffs' Motion, contending that Plaintiffs have not established a substantial likelihood of success on the merits. The court agrees.

## II. Standard Applicable to Preliminary Injunctions and Temporary Restraining Orders

There are four prerequisites for the extraordinary relief of preliminary injunction or temporary restraining order ("TRO"). A court may grant such relief only when the movant establishes that:

> (1) there is a substantial likelihood that the movant will prevail on the merits; (2) there is a substantial threat that irreparable harm will result if the injunction is not granted; (3) the threatened injury [to the movant] outweighs the threatened harm to the defendant; and (4) the granting of the preliminary injunction will not disserve the public interest.

*Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987); *Canal Auth. of the State of Florida v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974) (*en banc*). The party seeking such relief must satisfy a cumulative burden of proving each of the four elements enumerated before a temporary restraining order or preliminary injunction can be granted. *Mississippi Power and Light Co. v. United Gas Pipeline*, 760 F.2d 618, 621 (5th Cir. 1985); *Clark*, 812 F.2d at 993. Otherwise stated, if a party fails to meet *any* of the four requirements, the court cannot grant the temporary restraining order or preliminary injunction.

**Memorandum Opinion and Order - Page 2**

Because a preliminary injunction is considered an "extraordinary and drastic remedy," it is not granted routinely, "but only when the movant, by a clear showing, carries the burden of persuasion." *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985). The decision to grant or deny preliminary injunctive relief is left to the sound discretion of the district court. *Mississippi Power & Light Co.*, 760 F.2d at 621. Even when a movant establishes each of the four *Canal* requirements, the decision whether to grant or deny a preliminary injunction remains discretionary with the court, and the decision to grant a preliminary injunction is treated as the exception rather than the rule. *Mississippi Power & Light*, 760 F.2d at 621.

**III.   Discussion**

Plaintiffs have not met their burden as the movants seeking a TRO. Although Plaintiffs' Complaint is verified, it contains nothing more than conclusory, formulaic factual allegations and legal assertions.

**A.   FDCPA**

For Defendant to be liable under the FDCPA, it must be a debt collector. The FDCPA defines "debt collector" as:

> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. For the purpose of section 1692f(6) of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.

15 U.S.C. § 1692a(6). The term "debt collector" does not include lenders. *See* § 1692a(6)(F). Additionally, "a debt collector does not include the consumer's creditors, a mortgage servicing

company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned."

*Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208, *modified on reh'g on other grounds by* 761 F.2d 237 (5th Cir. 1985). Based on the limited information in Plaintiffs' Complaint and Motion, the court cannot determine whether Defendant qualifies as a debt collector for purposes of the FDCPA. Thus, Plaintiffs have not shown a substantial likelihood of success on the merits of their FDCPA claim. Moreover, because Plaintiffs are seeking damages totaling $200,000 for the alleged FDCPA violations, the court concludes that they have not established a substantial threat of irreparable harm that cannot be remedied by an award of monetary damages.

      B.     **Negligent or Fraudulent Misrepresentation**

Under Texas law, the elements for negligent misrepresentation are:

> (1) the representation is made by a defendant in the course of his business, or in a transaction in which he has a pecuniary interest; (2) the defendant supplies 'false information' for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffers pecuniary loss by justifiably relying on the representation.

*First Nat'l Bank of Durant v. Trans Terra Corp. Int'l*, 142 F.3d 802, 809 (5th Cir. 1998) (quoting *Federal Land Bank Ass'n v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991)). To state a claim for fraudulent misrepresentation claim under Texas law, a plaintiff must allege that:

> (1) the defendant made a representation to the plaintiff; (2) the representation was material; (3) the representation was false; (4) when the defendant made the representation, the defendant (a) knew the representation was false, or (b) made the representation recklessly, as a positive assertion, and without knowledge of its truth; (5) the defendant made the representation with the intent that the plaintiff act on it; (6) plaintiff actually and justifiably relied on the representation; and (7) the representation caused the plaintiff injury.

*Lane v. Halliburton*, 529 F.3d 548, 564 (5th Cir. 2008) (quoting *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 758 (Tex. 2001)).

**Memorandum Opinion and Order - Page 4**

Plaintiffs allege that in the course of attempting to collect amounts owed under the note, Defendant misrepresented that it had authority to collect on the debt. Plaintiffs, however, do not allege that they suffered any pecuniary loss or injury by justifiably relying on the alleged representation by Defendant. Accordingly, Plaintiffs have not shown a substantial likelihood of success on the merits of their negligent or fraudulent misrepresentation claim.

### C. Holder of the Note

As previously noted, Plaintiffs contend that as a prerequisite to foreclosing and collecting amounts owed under the note, Defendant was required, but failed, to prove that it is the holder of the original note. Plaintiffs similarly contend that pooling of their mortgage affected Defendant's status as holder of the note.

Plaintiffs' contentions in this regard are misplaced. Texas law differentiates between enforcement of a promissory note and foreclosure in that "the right to recover a personal judgment for a debt secured by a lien on land and the right to have a foreclosure of lien are severable." *Puig v. Citibank, N.A.*, No. 3:11-CV-0270-L, 2012 WL 1835721, at *5 (N.D. Tex. May 21, 2012), *aff'd*, 2013 WL 657676 (5th Cir. 2013) (citation omitted). When a personal judgment for a debt secured by a lien is sought, the holder must typically show that it is the holder of the note by producing the original instrument. *Id.* In contrast, a mortgagee is not required, as a prerequisite to nonjudicial foreclosure, to show that it is the holder of the note by producing the original promissory note. *Id.*

Here, it is not entirely clear from Plaintiffs' Complaint, but it appears that they defaulted on their note or fell behind on their mortgage payments; that Defendant attempted without success to collect amounts past due on the note; and that Defendant ultimately initiated nonjudicial foreclosure

proceedings when Plaintiffs failed to pay amounts due on the note. No action has been brought by Defendant to recover a personal judgment for the amount of the debt. Accordingly, Defendant was not required, as prerequisite to foreclosure, to show that it was the holder of the original note. Likewise, the court is not aware of any authority that supports Plaintiffs' contentions that: (1) pooling affects a mortagee's authority under Texas law to foreclose on property; and (2) only the holder of the original note has authority to service and collect amounts past due on a note. Accordingly, to the extent Plaintiffs intend to assert a claim based on pooling or Defendant's status as holder of their note, they have not shown a substantial likelihood of success on the merits of such claim.

### D.     Declaratory Judgment

Plaintiffs request an order quieting title and declaring that any foreclosure by Defendant on Plaintiffs' Property is void. Plaintiffs' request, however, for a determination that the foreclosure and any interests held by Defendant in the Property are void is insufficient alone to state an actual, present controversy because it is not supported by any facts casting doubt on the propriety of the foreclosure or Defendant's status as an assignee. *Misczak v. Chase Home Finance, L.L.C.*, 444 F. App'x 35, 36 (5th Cir. 2011) (per curiam) (unpublished); *Val-Com Acquisitions Trust v. Chase Home Finance, L.L.C.*, 420 F. App'x 405, 406-07 (5th Cir. 2011) (per curiam) (unpublished). Plaintiffs instead merely contend that to the extent Defendant claims to have received an assignment, Plaintiffs demand strict proof of such assignment and Defendant's status as the exclusive holder of the note. Pls.' Compl. 8. Alternatively, to the extent Plaintiffs contend that foreclosure is improper as a result of Defendant's alleged FDCPA violations and misrepresentations or status as note holder, they have not shown a substantial likelihood of success on the merits for the reasons already

discussed. Accordingly, the court concludes that Plaintiffs have not stated sufficient facts to satisfy the actual case and controversy requirement for a federal declaratory judgment action and, even assuming they have standing, Plaintiffs have not shown a substantial likelihood of success on the merits.

IV.     **Conclusion**

For the reasons herein stated, the court concludes, based on the limited record before it, that Plaintiffs have not shown a substantial likelihood of success on the merits or a substantial threat of irreparable harm. Additionally, it does not appear that Plaintiffs have standing for a declaratory judgment action based on the facts alleged. Accordingly, Plaintiffs have not met their burden of establishing the requirements for a TRO and are therefore not entitled to a preliminary injunction or TRO. The court therefore **denies** Plaintiffs' Motion for Preliminary Injunction (Doc. 5).

**It is so ordered** this 17th day of July, 2013.

_Sam A. Lindsay_
Sam A. Lindsay
United States District Judge