UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LLOYD GIPSON and EVA GIPSON, § | |
|     Plaintiffs, § | |
| § | |
| v. § | Civil Action No. 3:13-CV-2477-L (BF) |
| § | |
| JPMORGAN CHASE, § | |
|     Defendant. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to Title 28, United States Code, Section 636(b), and an Order of Reference from the District Court [D.E. 14], Defendant JPMorgan Chase Bank, N.A.'s ("Defendant") Motion to Dismiss ("Motion to Dismiss") [D.E. 12] has been referred to the United States Magistrate Judge for findings and recommendations. Plaintiffs Lloyd Gipson and Eva Gipson ("Plaintiffs") failed to file a response, and the time to do so has expired. For the following reasons, the undersigned recommends that the Court GRANT Defendant's Motion to Dismiss [D.E. 12].

**BACKGROUND**

Plaintiffs bring this *pro se* action alleging negligence, fraud and violations of the Fair Debt Collection Practices Act, Title 15, United States Code, Section 1692(a), *et seq.* ("FDCPA") in connection with Defendant's initiation of foreclosure proceedings on Plaintiffs' residence pursuant to a deed of trust. *See* Compl. [D.E. 3 at 2, 9-10]. While Plaintiffs bring claims for fraud, negligence and violations of the FDCPA, Plaintiffs also contend that they are "prepared to [] non-suit this instant action if Defendant simply provides proof of the agency, standing, and/or capacity claimed by Defendant." *See id.* [D.E. 3 at 10]. On July 16, 2013, Defendant filed the instant Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") [D.E. 12].

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 8(a)(2) ("Rule 8(a)(2)") provides that "[a] pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief." While the court is to liberally construe the pleadings of *pro se* litigants, *pro se* parties are not exempt from complying with court rules of procedural and substantive law. *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981) (citing *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975)). According to the United States Supreme Court, Rule 8(a)(2) requires a pleading to have "facial plausibility." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court must be able to draw the reasonable inference from the pleading that the defendant is liable for the misconduct alleged. *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Although the complaint does not need to have detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his or her "entitlement to relief" requires more than labels and conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A defendant may seek a dismissal under Rule 12(b)(6) if a pleading fails to establish facial plausibility. *See* FED. R. CIV. P. 12(b)(6); *Ashcroft*, 556 U.S. at 678.

A court may not dismiss a complaint under Rule 12(b)(6) unless the complaint, when viewed in a light most favorable to the plaintiff, fails to state a valid claim for relief. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (citing 5 CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357, at 601 (1969); *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997)). In considering a Rule 12(b)(6) motion to dismiss, a court takes as true all the facts pleaded in the complaint, even if they are doubtful in fact. *See Collins*,

224 F.3d at 498 (citing *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1986)); *Twombly*, 550 U.S. at 555-56. A court, at this juncture, does not evaluate a plaintiff's likelihood of success, but only determines whether a plaintiff has stated a legally cognizable claim. *See United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

## **ANALYSIS**

### 1. FDCPA

In order to state a FDCPA claim, Plaintiffs must allege facts sufficient to show the following: "(1) [Plaintiffs have] been the object of collection activity arising from a consumer debt; (2) the defendant is a debt collector defined by the FDCPA; and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Hunsinger v. SKO Brenner American, Inc.*, No. 3:13-CV-988-D, 2013 WL 3949023, at *2 (N.D. Tex. Aug. 1, 2013) (quoting *Browne v. Portfolio Recovery Assocs., Inc.*, No. H-11-2869, 2013 WL 871966, at *4 (S.D. Tex. Mar.7, 2013); citing *Stewart v. Alonzo*, No. C-08-347, 2009 WL 174938, at *2 (S.D. Tex. Jan. 26, 2009)). Defendant argues that Plaintiffs' FDCPA claim fails as a matter of law because: (1) Plaintiffs do not allege that the debt was in default at the time of the assignment to Defendant, and therefore, Plaintiffs cannot state a claim that Defendant was a "debt collector" for the purposes of the FDCPA; (2) the activity of foreclosing on a property pursuant to a deed of trust is not the collection of debt within the meaning of the FDCPA; and (3) Plaintiffs fail to allege a false, deceptive or misleading representation made by Defendant as required for liability under the FDCPA. *See* Mot. to Dismiss [D.E. 12 at 3-5].

Plaintiffs' Complaint arises out of Defendant's initiation of a foreclosure proceeding on Plaintiffs' residence pursuant to a deed of trust. *See* Compl. [D.E. 3 at 2]. However, "non-judicial foreclosure under a deed of trust is not a debt collection as defined in the FDCPA." *Castanon v.*

*Wells Fargo Bank, N.A.*, No. 3:11-CV-3472-P, 2012 WL 3200869, at *3 (N.D. Tex. June 22, 2012) (citing *Bittinger v. Wells Fargo Bank N.A.*, 744 F. Supp. 2d 619, 626 (S.D. Tex. 2010)). Further, Plaintiffs failed to allege facts sufficient to show that Defendant is a debt collector as defined by the FDCPA. The FDCPA defines a "debt collector" as "any person . . . who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Mortgage lenders and mortgage servicing companies are not "debt collectors" within the meaning of the FDCPA. *See Montgomery v. Wells Fargo Bank, N.A.*, 459 F. App'x 424, 428 n.1 (5th Cir. 2012); *Caldwell v. Flagstar Bank, F.S.B.*, 3:12-CV-1855-K (BD), 2013 WL 705110, at *10 (N.D. Tex. Feb. 4, 2013). Therefore, Plaintiffs failed to allege facts sufficient to state a FDCPA claim.

2. <u>Negligence</u>

Under Texas law, a negligent misrepresentation is made where: (1) a representation is made by a defendant in the course of the defendant's business or in a transaction where he has a pecuniary interest; (2) the defendant provides "false information" for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffers pecuniary loss by justifiably relying on the representation. *See Fed. Land Bank Ass'n of Tyler v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991). Further, the elements of a negligence cause of action under Texas law are: (1) the existence of a legal duty; (2) a breach of that duty; and (3) damages proximately caused by the breach. *Boudreux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540-41 (5th Cir. 2005). "In the mortgage context, there is no special relationship between a mortgagor and a mortgagee, or between a servicer and a borrower, that would impose an independent common law duty on Defendant." *Miller v. CitiMortgage, Inc.*, No. 3:11-CV-

2786-L, 2013 WL 4766808, at *10 (N.D. Texas Sept. 5, 2013) (citing *Thigpen v. Locke*, 363 S.W.2d 247, 253 (Tex. 1962); *UMLIC VP LLC v. T & M Sales & Envtl. Sys., Inc.*, 176 S.W.3d 595, 613-15 (Tex. App.-Corpus Christi 2005, pet. denied); *Fraley v. BAC Home Loans Servicing, LP*, No. 3:11-cv-1060-N-BK, 2012 WL 779130, at *8 (N.D. Tex. Jan. 10, 2012)).

Defendant argues that Plaintiffs' negligence claims fail because: (1) Plaintiffs do not allege facts showing that Defendant made false representations concerning its authority to enforce the lien; (2) Plaintiffs failed to allege any pecuniary loss suffered as a result of relying on the false representation; and (3) Plaintiffs have not alleged any facts establishing a duty owed by Defendant to Plaintiffs, a breach of any such duty or damages. *See* Mot. to Dismiss [D.E. 12 at 6-7]. Plaintiffs assert that Defendant was negligent in sending a demand letter because Defendant's intent was to mislead Plaintiffs into believing that their property was subject to foreclosure if payment was not made and Defendant knew it did not have authority to make such a demand. *See* Compl. [D.E. 3 at 10-11]. Plaintiffs contend that they suffered from stress and harm as a consequence. *See id.* [D.E. 3 at 11].

Plaintiffs do not allege facts adequate to state a negligent misrepresentation claim or a negligence claim. Among other inadequacies, Plaintiffs fail to allege a false representation where they concede in their complaint that the conduct they complain of may have been lawful. *See* Compl. [D.E. 3 at 11]. Further, Plaintiffs do not allege facts showing that the relationship between Plaintiffs and Defendant is anything other than that of a lender and borrower, and Plaintiffs have not otherwise shown that Defendant owes them a legal duty. Therefore, Plaintiffs' negligence claim fails.

### 3. Fraud

Under Texas law, the elements of a cause of action for fraud are: (1) a material

representation; (2) that representation was false; (3) when the material, false representation was made, the speaker knew it was false or made it recklessly without regard for its truth; (4) the representation was made with the intent that the other party act upon it; (5) the other party acted in reliance upon that representation; and (6) the other party suffered injury. *See Aquaplex, Inc. v. Rancho La Valencia, Inc.*, 297 S.W.3d 768, 774 (Tex. 2009).

Defendant argues that to the extent Plaintiffs are attempting to assert a fraud claim, Plaintiffs fail to state such a claim because Plaintiffs do not allege facts showing: (1) that any representation by the Defendant was false; (2) that Plaintiffs acted in reliance on any such representation; or (3) that Plaintiffs suffered any injury resulting from such a representation. *See* Mot. to Dismiss [D.E. 12 at 8]. Plaintiffs allege that "Defendant, by falsely demanding payment from Plaintiff[s] when Defendant lacked standing and/or capacity to make such demand was an act of criminal fraud and/or negligence which resulted in the civil tort alleged here [] as the cause of action of common law fraud and/or negligence per se." Compl. [D.E. 3 at 10]. Plaintiffs' conclusory and contradictory allegations fail to allege facts sufficient to state a fraud claim. Therefore, to the extent Plaintiffs are attempting to assert a fraud claim, such a claim fails.

## **RECOMMENDATION**

For the foregoing reasons, the undersigned respectfully recommends that the Court **GRANT** Defendant's Motion to Dismiss [D.E. 12], and dismiss Plaintiffs' complaint with prejudice pursuant to Rule 12(b)(6).[1]

---

1. Ordinarily, the Court would allow Plaintiffs to amend their complaint in an attempt to cure the pleading defect identified by Defendant. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) (court should allow plaintiff at least one opportunity to cure pleading deficiencies before dismissing a case, "unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal"). However, Plaintiffs never sought leave to amend their initial pleading, even after Defendant pointed out the deficiencies in its Motion to Dismiss. Nor did Plaintiffs respond to Defendant's Motion to

**SO RECOMMENDED**, this 20th day of February, 2014.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

---

Dismiss. The undersigned therefore determines that Plaintiffs are unwilling or unable to amend their complaint in a manner that will avoid dismissal and that dismissal with prejudice is appropriate. *See Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995) (affirming dismissal with prejudice after lengthy pendency of case which provided plaintiff ample opportunity to amend complaint); *see also Cruz v. CitiMortgage, Inc.*, No. 3:11-CV-2871-L, 2012 WL 1836095, at *7 (N.D. Tex. May 21, 2012) (concluding plaintiffs had pled their best case where they did not file response to motion to dismiss or request to amend their pleadings).